**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **CHRISTOPHER DEWAYNE EZELL,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Case No. 04-CV-409-TCK-PJC |
| ) | |
| **RON WARD, Director,** ) | |
| ) | |
| **Respondent.** ) | |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus proceeding. Petitioner is a state prisoner and appears *pro se*. Respondent filed a response to the petition (Dkt. # 8) and provided the state court record necessary for resolution of Petitioner's claims (Dkt. # 10). Petitioner filed a reply (Dkt. # 12). For the reasons discussed below, the Court finds the petition shall be denied.

*BACKGROUND*

At approximately 1:00 a.m. on February 6, 2002, LaVita Newsome was lying on the couch in the living room of her home at 2217 N. Sandusky, in Tulsa, Oklahoma. Petitioner began pounding on her front door, demanding to be let inside. Ms. Newsome did not respond. Ms. Newsome and Petitioner had previously lived together, and Petitioner was the father of two of Ms. Newsome's children. Petitioner also knocked on a window at the front of the house, but Ms. Newsome did not respond. Petitioner then entered the home through a broken window in the kitchen, which had been boarded up to keep out the cold and snow. Ms. Newsome saw him enter the kitchen and began screaming at him and telling him not to come in the house. Petitioner grabbed Ms. Newsome, began choking her and beating her, and pulled out some of her hair. Ms. Newsome's oldest child was awakened by the noises in the kitchen and ran to a neighbor's home to call the police. Petitioner took

off running, but was apprehended by police who followed his footprints through the snow on the ground.

The record before the Court demonstrates that as a result of those events, Petitioner was convicted by a jury of First Degree Burglary, After Former Conviction of Two or More Felonies (Count I), Domestic Assault and Battery (Count II), and Violation of a Protective Order (Count III), in Tulsa County District Court, Case No. CF-2002-869. See Dkt. # 10, Ex. 6. He was sentenced to twenty-three (23) years imprisonment on Count I, one year on Count II, and one year on Count III. Id. All sentences were ordered to run concurrently. Petitioner was represented at trial by attorneys Brian Mincher and Bryan Rayl.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Stuart Southerland, Petitioner raised six (6) propositions of error on direct appeal, as follows:

> Proposition I: The jury instructions failed to adequately reflect the law of burglary as applied to this case and/or Appellant's theory of defense.
>
> Proposition II: Appellant received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution.
>
> Proposition III: The evidence was insufficient to support a first degree burglary conviction.
>
> Proposition IV: Appellant's convictions for committing an assault and battery and violating a protective order were based upon the same act of violence. It was error to instruct the jury as to both Counts I and II.
>
> Proposition V: It was reversible error for the trial court to instruct the jury that it could use "any crime" in determining whether Appellant had the requisite intent for first degree burglary.

> Proposition VI:   The numerous references to irrelevant and prejudicial information constituted prejudicial error which served to deny Appellant a fair trial.

(Dkt. # 10, Ex. 3). In an unpublished summary opinion, filed July 17, 2003, in Case No. F-2002-756, the OCCA rejected Petitioner's claims and affirmed the Judgments and Sentences of the trial court (Dkt. # 10, Ex. 6). Nothing in the record suggests that Petitioner sought a *writ of certiorari* from the United States Supreme Court.

On August 18, 2003, Petitioner, appearing *pro se*, filed an application for post-conviction relief in the state district court (Dkt. # 10, Ex. 7, attached Ex. 3). By order dated September 19, 2003 (Dkt. # 10, Ex. 8-1[1]), the state district court denied the requested relief. Petitioner appealed the denial to the OCCA (Dkt. # 10, Ex. 7) claiming ineffective assistance of trial counsel, unfair trial, and insufficient evidence to support the burglary conviction. He also requested an evidentiary hearing. On January 14, 2004, in Case No. PC-2003-1125, the OCCA affirmed the denial of relief, finding that Petitioner's ineffective assistance of trial counsel and insufficient evidence claims had been raised on direct appeal and were barred by *res judicata.* See Dkt. # 10, Ex. 8-2. The OCCA also found that the trial court did not err in denying the request for an evidentiary hearing. Id.

Utilizing the Court's § 2254 form, Petitioner filed a handwritten petition for habeas corpus relief on May 14, 2004, raising two grounds of error:

> Ground 1:   Denial of a fair trial and denial of due process because Petitioner is "actually innocent" of first degree burglary.

---

[1]   The record provided by Respondent, see Dkt. # 10, includes two different documents labeled "Exhibit 8." To avoid confusion, the Court will refer to the Order Denying Application for Post-Conviction Relief in Tulsa County Case No. CF-2002-869 as "Ex. 8-1." The Order Affirming Denial of Post-Conviction Relief in OCCA Case No. PC-2003-1125, will be referred to as "Ex. 8-2."

3

> Ground 2:  Denial of Sixth Amendment assistance for his defense (ineffective assistance of trial counsel).

See Dkt. # 1. As supporting facts, Petitioner refers the Court to his "Brief in Support, hereto." Although no brief in support is attached, Petitioner did file a typewritten (second) petition for writ of habeas corpus on the same day (Dkt. # 3). The Court has construed the second, typewritten "petition" as the intended brief in support. In addition to arguments supporting the two grounds of error presented in the petition (Dkt. # 1), the following grounds of error are also argued in the brief:

> Ground 3:  The trial court's instructions did not accurately state the law of burglary as applied to the facts of Petitioner's case.
>
> Ground 4:  Insufficient evidence to support the first degree burglary conviction.
>
> Ground 5:  The convictions for domestic assault and battery and violation of a protective order constituted double jeopardy in violation of both the Oklahoma and United States Constitutions.

See Dkt. # 3. In response to the petition, Respondent asserts that ground one is procedurally barred, ground three is not cognizable as it is an issue of state law, and Petitioner is not entitled to habeas relief on grounds two, four, and five under 28 U.S.C. § 2254(d). See Dkt. # 8. Petitioner replies that he is actually innocent of the first degree burglary conviction, that the state's conviction was based on perjured testimony of a police officer, and that the jury instruction for first degree burglary did not support the facts of his case. See Dkt. # 12.

## *ANALYSIS*

### A. Exhaustion/Evidentiary Hearing

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes and the Court agrees that the exhaustion

4

requirement of 28 U.S.C. § 2254(b) is satisfied in this case. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B.     State law claim not cognizable**

First, insofar as Petitioner asserts a violation of the Oklahoma Constitution in ground five, the claim shall be denied because it is not cognizable on federal habeas corpus review. A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-8 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions). Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id.. Petitioner's ground five claim, insofar as it is based on alleged violations of the Oklahoma Constitution, is not cognizable in this federal habeas corpus proceeding and shall be denied on that basis.

**C.     Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001). When a state court

applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In this case, Petitioner presented his second, third, fourth and fifth grounds on direct appeal where they were rejected by the OCCA. Therefore, the § 2254(d) standard applies to this Court's analysis of Petitioner's claims presented in grounds 2, 3, 4, and 5.

### 1. *Ineffective assistance of trial counsel (ground two)*

In his ground two claim, Petitioner contends that his trial counsel was constitutionally ineffective because he did not investigate the facts underlying the first degree burglary charge (Dkt. # 3 at 3). Specifically, Petitioner complains that his attorney did not adequately establish his right to enter the home at 2217 N. Sandusky because he resided there. Citing Strickland v. Washington, 466 U.S. 668 (1984), the OCCA rejected this issue on direct appeal, finding "the record before this Court does not support the conclusion that defense counsel was deficient or that Appellant was prejudiced by any alleged deficient performance." See Dkt. # 10, Ex. 6 at 3. Respondent asserts that the OCCA's ruling on this issue was not contrary to or an unreasonable application of Supreme Court law. See Dkt. # 8 at 12.

Petitioner is not entitled to habeas corpus relief on his claim of ineffective assistance of counsel unless he establishes that the OCCA's adjudication of this claim was an unreasonable application of Supreme Court precedent. To establish that his counsel was constitutionally

6

ineffective for failing to show that Petitioner was a resident of the house at 2217 N. Sandusky on February 6, 2002, Petitioner must demonstrate that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. 668 at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). Petitioner must establish the first prong by showing that his counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, Petitioner must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). Failure to establish either prong of the Strickland standard will result in denial of relief. Strickland, 466 U.S. at 697.

In this case, the failure of Petitioner's trial counsel to establish the residency of Petitioner was not objectively unreasonable under the first prong of Strickland. As noted by Respondent, Petitioner's trial counsel was faced with substantial evidence suggesting that Petitioner did not reside at Ms. Newsome's home on February 6, 2002. Ms. Newsome testified that her name was the

7

only name on the lease for the home. See Dkt. # 10, Ex. 9 at 170-71. She also testified that Petitioner had never had a key to the house. See id. at 189. Ms. Newsome did not let Petitioner in when he began knocking on the doors and windows the night of the crime, and told Petitioner to stay out of the house as he was entering through a window. Id. at 176-180. Ms. Newsome testified that she had obtained a Victim's Protective Order against Petitioner ordering him to refrain from threatening, abusing or injuring her. See id. at 175; Dkt. # 10, Ex. 10. Finally, she indicated that it had been "a matter of about a few weeks to a month" since Petitioner had been living at 2217 N. Sandusky with Ms. Newsome's permission. See Dkt. # 10, Ex. 9 at 198. On cross-examination of Ms. Newsome, trial counsel countered this evidence by eliciting testimony that Ms. Newsome and Petitioner had lived together on and off for approximately four years, that Petitioner had received mail at her home, that Petitioner had used the broken window on previous occasions to enter the home, and that the address she gave for Petitioner when seeking the Victim's Protective Order was her own address. See Dkt. # 10, Ex. 9 at 186-97. Petitioner now asserts that his counsel should have presented witnesses who could testify that he actually lived in the home he was convicted of burglarizing, and that the police erred in testifying that his address was 1731 N. Columbia.[2] In his direct appeal proceedings, Petitioner proffered affidavits in support of his claim that he did not live at 1731 N. Columbia. See Dkt. # 10, Ex. 3, attached Exs. A and D. He further provided affidavits of various persons who stated that Petitioner and Ms. Newsome lived together at 2217 N. Sandusky. Id., Ex. 3, attached Exs. E and F. None of the affiants stated specifically that they knew Petitioner resided at 2217 N. Sandusky as of February 6, 2002. Significantly, an affidavit of the victim, LaVita

---

[2] When asked about Petitioner's address, Tulsa Police Officer Shawn King testified, "[t]he address we had available to [sic] him was 1700 North Columbia Avenue." Dkt. # 10, Ex. 9 at 217.

8

Newsome, attached to Petitioner's post-conviction pleadings, falls short of claiming that Petitioner lived with her on February 6, 2002. See Dkt. # 10, Ex. 7, May 16, 2002, affidavit described as "Petitioner's Exhibit 4" in Tulsa County Case No. CF-2002-869. Ms. Newsome stated in this post-trial affidavit, "I do not believe in my soul of him being guilty of a burglary charge in a home we once before shared despite the circumstances." Id.

Petitioner has not demonstrated that his trial counsel performed deficiently in failing to present evidence that Petitioner's residence was 2217 N. Sandusky on February 6, 2002. The jury simply did not believe that Petitioner was a resident there on February 6, 2002. The OCCA's adjudication of this claim was neither contrary to, nor an unreasonable application of Supreme Court law. See 28 U.S.C. § 2254(d)(1). Accordingly, Petitioner is not entitled to habeas corpus relief on his ground two claim.

### 2. *Adequacy of jury instructions (ground three)*

In ground three, Petitioner contends his constitutional rights were violated because the jury instructions failed to adequately reflect the law of burglary as applied to his case. Petitioner's defense at trial, and his argument on appeal and in these proceedings centers on his contention that one cannot burglarize his own home. He argues that the trial court should have instructed the jury that Petitioner must be found not guilty if they believed that he lived at 2217 N. Sandusky with Ms. Newsome. Respondent argues that Petitioner's ground three claim is a matter of state law and not cognizable in these habeas corpus proceedings. Alternatively, Respondent argues the jury instructions related to first degree burglary were sufficient and accurately reflected the law.

"[A]s a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, unless they are so fundamentally unfair as to deprive petitioner

9

of a fair trial and . . . due process of law." Patton v. Mullin, 425 F.3d 788, 807 (10th Cir. 2005) (quoting Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997)); Henderson v. Kibbe, 431 U.S. 145, 154 (1977) (holding that in considering a habeas claim based on an improper jury instruction, courts must ask "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable [or] erroneous"). Further, "not every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation." Middleton v. McNeil, 541 U.S. 433, 437 (2004). The alleged improper instruction must be considered "in the context of the instructions as a whole and the trial record." Estelle, 502 U.S. at 72.

Although Petitioner does not specifically claim a due process violation, the Court will evaluate the instructions as a whole to determine whether the instructions were so fundamentally unfair as to deprive Petitioner of a fair trial or due process of law. Instruction No. 11 instructed the jury that:

> No person may be convicted of burglary in the first degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
>
>> First, breaking;
>> Second, entering;
>> Third, a dwelling;
>> Fourth, of another;
>> Fifth, in which a human is present;
>> Sixth, with intent to commit some crime therein.

See Dkt. # 10, Ex. 11. The jury was also instructed that they shall return a verdict of not guilty if they found that the State failed to prove each element of the crime. See Instruction No. 29.5, Dkt. # 10, Ex. 12. Additionally, the jury was instructed as follows:

> A person who enters a dwelling with the consent or authorization of an owner or occupant of that dwelling does not commit a "breaking" and therefore cannot be

10

>convicted of burglary in the first degree. Such consent or authorization to enter is adequate where it is given by one who has actual authority to give it or by one who reasonably appears to have such authority. It is the burden of the State to prove beyond a reasonable doubt that the defendant did not enter with the consent or authorization of an owner or occupant. If you find that the State has failed to sustain that burden, then the defendant must be found not guilty.

See Instruction No. 18, Dkt. # 10, Ex. 13. In rejecting Petitioner's claim on direct appeal, the OCCA stated, "[a]s to Appellant's first proposition, we find the instructions given adequately stated the applicable law and accordingly, no relief is warranted. *Roberts v. State*, 29 P.3d 583, 589 (Okl. Cr. 2001)." See Dkt. # 10, Ex. 6. The Roberts case cited by the OCCA specifically adopted the instruction given at Petitioner's trial as Instruction No. 18 and directed that it is to be used in all cases "where the evidence adduced at trial sufficiently raises the issue of consent or authorization to enter." Roberts, 29 P.3d at 589.

Considering the jury instructions as a whole, this Court is convinced that the jury was properly instructed and had sufficient basis to find defendant guilty of first degree burglary. Having concluded that the jury instructions adequately instructed the jury, this Court finds that the OCCA's rejection of the claim was not an unreasonable application of federal law. See e.g., Torres v. Mullin, 317 F.3d 1145, 1157-68, 1161 (10th Cir. 2003).

### *3.    Insufficient evidence to support first degree burglary (ground four)*

In his fourth ground for relief, Petitioner argues that the state presented insufficient evidence to establish his guilt of first degree burglary beyond a reasonable doubt. He contends that the state's evidence "fell short of what is required for a valid conviction" because it did not establish that he was not a resident of 2217 N. Sandusky or that he was not a co-tenant with LaVita Newsome (Dkt. # 3 at 9). Citing Spuehler v. State, 709 P.2d 202, 203-04 (Okla. Crim. App. 1989),the OCCA rejected Petitioner's claim of insufficient evidence on direct appeal. Dkt. # 10, Ex. 6. Respondent

11

asserts that the OCCA's decision was not contrary to, or an unreasonable application of, federal law (Dkt. # 8 at 17).

As stated above, a writ of habeas corpus will not be issued unless the state court's legal conclusions are "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or the state court's factual conclusions are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," Id. at § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n.2 (10th Cir. 2001); see also Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004); Torres v. Mullin, 317 F.3d 1145, 1151 (10th Cir. 2003). Under either standard, Petitioner's claim in this case fails.

In a habeas proceeding, this Court must review the sufficiency of the evidence "in the light most favorable to the prosecution" and ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The Court does not weigh conflicting evidence or consider witness credibility. Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). This standard of review respects the jury's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the testimony presented at trial. Jackson, 443 U.S. at 319. Under the AEDPA, the Court must decide whether the OCCA's decision that there was sufficient evidence to support a jury's finding of guilt was contrary to or an

12

unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1); Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

Applying this standard, this Court concludes that a rational trier of fact could have found Petitioner guilty beyond a reasonable doubt. In support of his claim, Petitioner argues that, "The only evidence offered by the State that I lived elsewhere was a statement by Tulsa Police Officer Timothy O'Keefe." See Dkt. # 3 at 10. It was not the state's duty, however, to prove that Petitioner "lived elsewhere." The state's burden was to prove that he was entering the dwelling of another without their consent or authorization. See Dkt. # 10, Ex. # 13. Although Petitioner asserts that one cannot burglarize his own home, the jury heard the testimony of Ms. Newsome which would make Petitioner's claim that he was entering his own home improbable. Based on Oklahoma law and the cited testimony, the Court finds that a rational trier of fact could have found proof of guilt beyond a reasonable doubt of first degree burglary.

The Court therefore concludes that the OCCA's resolution of Petitioner's challenge to the sufficiency of the evidence was not contrary to or an unreasonable application of federal law, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). See Dockins, 374 F.3d at 939 (recognizing that the Circuit has not clearly settled whether sufficiency of the evidence on habeas review presents a question of law or fact).

### *4.     Double jeopardy (ground five)*

As his fifth proposition of error, Petitioner asserts that he was subjected to multiple punishments for the same act in violation of the double jeopardy clauses of the State and Federal Constitutions. Specifically he complains that his convictions for domestic assault and battery (Count II) and violation of a protective order (Count III) were based upon the same act of violence. The

OCCA rejected this claim, citing Albernaz v. United States, 450 U.S. 333 (1981), and Davis v. State, 993 P.2d 124 (Okla. Crim. App. 1999). See Dkt. # 10, Ex. 7 at 3.

Petitioner is not entitled to relief under § 2254(d) on his double jeopardy claim. The Double Jeopardy Clause protects against multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969), *overruled on other grounds by* Alabama v. Smith, 490 U.S. 794 (1989). This protection is limited to ensuring "that the sentencing discretion of courts is confined to the limits established by the legislature," for it is the legislature that is vested with "the substantive power to prescribe crimes and determine punishments." Ohio v. Johnson, 467 U.S. 493, 499 (1984). Thus, when a course of criminal conduct violates two statutory provisions, the test to determine whether the punishments are "multiple," in violation of the Double Jeopardy Clause, is "essentially one of legislative intent." Id.; see also Missouri v. Hunter, 459 U.S. 359, 365 (1983). In the absence of clear legislative intent, courts must apply the Blockburger test, which states that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932).

In this case, although each of Petitioner's convictions resulted from his acts committed against the victim on February 6, 2002, they are not violative of the Double Jeopardy Clause as events resulting from a single act, as argued by Petitioner. The misdemeanor crimes of domestic assault and battery and violation of a protective order are separate crimes under Oklahoma law. They require proof of distinct facts and elements, even though some of the facts supporting each crime may overlap. See Brown v. Ohio, 432 U.S. 161, 166 (1977) (holding that "[i]f each requires proof

14

of a fact that the other does not, the Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." The OCCA's rejection of this claim was not an unreasonable application of federal law as determined by the Supreme Court. Therefore, Petitioner is not entitled to relief under 28 U.S.C. § 2254(d) on his ground five claim.

**D.     Stand-alone claim of actual innocence is not cognizable (ground one)**

In ground one of his petition for habeas corpus relief Petitioner claims that he was denied a fair trial and denied due process because he is innocent of first degree burglary. Dkt. # 1 at 5. Petitioner provides no legal authority or argument in support of this claim in his brief in support, simply reiterating that he is "innocent of the charge of First Degree Burglary." See Dkt. # 3 at 2. He asserts again in his reply that he is actually innocent (Dkt. # 12). The Court has examined the claims of constitutional violations in grounds two through five, and found none. "[A]n assertion of actual innocence, although operating as a potential pathway for reaching otherwise defaulted constitutional claims, does not, standing alone, support the granting of the writ of habeas corpus." LaFevers v. Gibson, 238 F.3d 1263, 1265 n.4 (10th Cir. 2001) (citing Herrera v. Collins, 506 U.S. 390, 400-01 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.")). Further, "[f]ew rulings would be more disruptive of our federal system than to provide for federal habeas review of freestanding claims of actual innocence." Sellers v. Ward, 135 F.3d 1333, 1338-39 (10th Cir. 1998) (discussing Herrera). Accordingly, the Court finds that Petitioner's stand-alone claim of actual innocence is not cognizable in these habeas proceedings, and shall be denied for that reason.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for a writ of habeas corpus (Dkt. # 1) is **denied**. A separate Judgment shall be entered in this case.

**DATED** this 23rd day of May, 2008.

TERENCE KERN
UNITED STATES DISTRICT JUDGE